FILED
 2012 Apr-05  AM 08:13
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| JONATHAN MCLEMORE ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:12-CV-0240-NW |
| ) | |
| DEBRA LACEY, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Pending before the court are a motion for summary judgment by defendant Debra Lacey and a memorandum in support thereof (doc. 20). The plaintiff has failed to respond.[1] Having considered the motion and all other pleadings filed to date, the court finds as follows:

## Factual Background

Plaintiff was a tenant in a single-family dwelling located in Phil Campbell, Alabama, that was damaged by one of the April 27, 2011, tornadoes that ravaged large swaths of Alabama. *See* Compl. (doc. 20, Exh. A, pp. 10-11), at ¶ 2. The

---

[1] In accordance with the Summary Judgment Scheduling Order appended as Exhibit A to the Scheduling Order (doc. 10) entered by this court on February 6, 2012, plaintiff had been given fourteen days from the date of receipt of defendant's summary judgment motion to respond. Defendant's motion having been filed on March 16, 2012, plaintiff's response was due Monday, April 2, 2012, the first business day after the expiration of the fourteen day period specified in the Order on Saturday, March 30, 2012.

damages were reported to his landlord, Debra Lacey, and to State Farm Fire and Casualty Company ("State Farm"), whereupon an inspection was conducted by Stephen M. Kowalski, an independent adjuster, on behalf of his employer E.A. Renfroe and Co., Lacey, and State Farm. *See id.* In his "Complaint for Negligence," plaintiff alleges that he informed Kowalski that certain bricks were loose and that Kowalski informed him that the bricks were "safe." On June 16, 2011, the bricks fell on plaintiff's head and caused injury. *See id.*

## **STANDARD OF REVIEW**

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir.1987). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with

evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case . . . . A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

Although the plaintiff has failed to file a response to the defendants' motion for summary judgment, no procedural tool for a default summary judgment exists under Federal Rule of Civil Procedure 56(e). The court must still find that summary judgment is appropriate from the pleadings and the evidence. However, "the language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. With these standards in mind, the court considers each of the plaintiff's claims.

Because this case is before the court on defendant's motion for summary judgment, the court must view the facts in the light most favorable to the plaintiff. *See Dyer v. Lee*, 488 F.3d 876, 877 (11th Cir. 2007) (citing *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1075 n. 1 (11th Cir. 2007)). The court may neither make credibility determinations nor weigh the parties' evidence. *See Frederick v. Sprint/United Management Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000). However, defendants' motion for summary judgment having been properly supported, the plaintiff may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing there is a genuine issue for trial. *See Beard v. Annis*, 730 F.2d 741, 743 (11th

Cir. 1984).

## **LEGAL ANALYSIS**

In her brief, defendant argues that "Plaintiff's claim for negligence against Defendant Debra Lacey must fail because there has been no breach of duty." Def.'s Br. at 5. In support of this contention, defendant asserts that "absent a covenant to the contrary, a landlord is responsible only for injuries caused by latent defects of which she knows at the time the lease is made and which she conceals from the tenant" (Def. Br. at 5-6), and cites three Alabama cases in support of this proposition: *Ex parte Coleman*, 705 So. 2d 392, 395 (Ala. 1997); *Casey v. Estes*, 657 So. 2d 845, 848 (Ala. 1995); *Murphy v. W.C. Hendrix*, 500 So. 2d 8, 8 (Ala. 1986). Because defendant did not know, and indeed could not have known, about the defect in question on November 1, 2004, when the landlord-tenant relationship was created, she asserts that "[t]his defect could hardly be considered latent or hidden, given Plaintiff's complete and explicit awareness of the same. As a result Plaintiff's claim for negligence cannot satisfy . . . the elements required to establish a breach of duty under Alabama law," such that summary judgment is appropriate. Def. Br. at 6-7.

Though plaintiff has failed to respond to defendant's motion—an abdication of his duty, in response to a motion for summary judgment, to "make a showing sufficient to establish the existence of an element essential to [his] case" (*Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990))—defendant's motion must nonetheless fail because it is supported by legal reasoning which is an incorrect statement of current Alabama law with respect to the obligations owed by a landlord to a tenant. Instead, defendant's motion is grounded upon case law which expresses the state of Alabama law on the duty owed by landlords to tenants prior to the year 2007.

In *Murphy v. W.C. Hendrix*, 500 So. 2d 8 (Ala. 1986), a case cited by defendant in support of her motion, the plaintiff alleged that the defendant landlord "should be held liable, in tort, to his tenants for personal injuries sustained by them as a result of patent defects in the leased premises." *Id.* at 8. In affirming the trial court's grant of summary judgment in favor of the landlord, the Alabama Supreme Court wrote:

> In *Cohran v. Boothby Realty Co.*, 379 So. 2d 561 (Ala. 1980), Mr. Justice Embry, writing for the Court, succinctly stated the rule as follows:
>
>> "[I]t seems settled by the weight of authority that the landlord is not liable in tort for injuries to said class [tenants], . . . unless the defects existed at the time of the letting, were known to him, and [he concealed them] from the tenant."
>
> *Id.* at 563, quoting *Anderson v. Robinson*, 65 So. 512, 513 (1913).

*Murphy*, 500 So. 2d at 8 (some internal citations omitted). This statement reflects the

law applicable both in *Murphy* and in *Ex parte Coleman* and *Casey v. Estes*, subsequent cases cited by defendant in support of her motion. The court then continued:

> Appellant . . . argues that the *modern trend* is to allow tenants to recover for personal injuries caused by defects in rental property. . . . [I]n most instances there is a *statutory basis* for the imposition of liability. While we could recognize an implied warranty of habitability, as the tenant requests, we are of the opinion that the best forum for making a change in our law is the legislature.

*Murphy*, 500 So. 2d at 8 (emphasis in original).

In 2006, the Alabama legislature affirmatively recognized such warranty when it enacted the "Uniform and Residential Landlord and Tenant Act," Ala. Code § 35-9A (1975, as amended 2006), which took effect January 1, 2007. Section 204, titled "Landlord to maintain premises," provides, *inter alia*, that "[a] landlord shall: . . . (2) make all repairs and do whatever is necessary to put and keep the premises in a habitable condition . . . ." Ala. Code § 35-9A-204(a)(2). Notably, the Alabama legislature explicitly declined to limit the landlord's duty in this context only to potential defects existing at the time of the creation of the landlord-tenant relationship.

There is exiguous Alabama case law addressing this provision of law. As Judge Butler of the Southern District of Alabama opined in a 2011 case:

7

> While the term "habitable" has not been specifically defined by Alabama courts, *Black[']s Law Dictionary* defines habitability as "condition of premises which permits inhabitants to live free of serious defects to health and safety." Black[']s Law Dictionary, Fifth Edition.[2] In addition, the Alabama Court of Civil Appeals addressed this issue in a case in which tenants claimed that the landlord had breached its duties under Ala. Code § 35–9A–204(a)(2) by having a ventilation system that allowed smoke from other apartments into the apartment of the plaintiffs. In a concurring opinion, Justice Thomas held [sic], "the [plaintiffs] failed to present evidence indicating that their health and safety had been materially affected by the presence of smoke that might have invaded their apartment." *Leeth v. J & J Properties*, [69 So.3d 176, 181 (Ala. Civ. App. 2010) (Thomas, J., concurring)]. The definition of habitable along with the opinion of Justice Thomas indicates that in order for a premises to be rendered "uninhabitable", it must have defects which materially affect the health and safety of the tenants/residents.

*Vassar v. Gulfbelt Properties, Inc.*, 2011 WL 1257149, 4 (S.D. Ala. 2011).

The preceding paragraph reflects the entirety of the case law touching on this provision of the statute. Principles of federalism dictate that it is outside the province of this court to define the scope of Alabama law in the absence of authoritative statements thereupon by the courts of Alabama. Thus, absent such statements, it is a question of fact for a jury whether plaintiff's dwelling in this case was "habitable" at

---

[2] The most recent edition of *Black's Law Dictionary* has updated the definition of "habitability" to the following: "The condition of a building in which inhabitants can live free of serious defects that might harm health and safety." BLACK'S LAW DICTIONARY (9th ed. 2009).

8

the time of his injury under Alabama law. Further, defendant admits via sworn affidavit included as "Exhibit B" to the present motion that she was notified by defendant, approximately three weeks after the April 27 tornado caused the damage in question, that "there were some bricks near the roof that appeared to be loose."[3] Def. Br., Ex. B., ¶ 5. In other words, by her own admission defendant was on notice of the potential existence of the defect that ultimately caused plaintiff's injuries. Thus, it is also a question of fact whether defendant breached any duty owed to plaintiff to "make all repairs and do whatever is necessary to put and keep the premises in a habitable condition" as required by § 35-9A-204(a)(2) of the Code of Alabama.

## Conclusion

Having considered the foregoing and finding genuine issues of material fact sufficient to allow this case to proceed to trial, the court **ORDERS** that the defendants' motion for summary judgment (doc. 20) be **DENIED**. The court shall so rule by separate order.

**DONE** and **ORDERED** this 4th day of April, 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[3] Defendant also stated that one week prior to this conversation, plaintiff had telephoned her and said he "believed the house had been damaged in the storm." Def. Br., Ex. B, ¶ 5.